a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

UBANNYS DEL CARMEN JIMENEZ VILLAVICENCIO #A244-734-869, Petitioner

CIVIL DOCKET NO. 1:26-CV-02163 SEC P

VERSUS

JUDGE TERRY A. DOUGHTY

CENTRAL LOUISIANA I C E PROCESSING CENTER ET AL, Respondents

MAGISTRATE JUDGE PEREZ-MONTES

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Ubannys Del Carmen Jimenez Villavicencio ("Villavicencio"), an immigration detainee at the Central Louisiana ICE Processing Center in Jena, Louisiana.

Because Petitioner fails to state a viable claim for relief, the Petition should be DENIED and DISMISSED WITHOUT PREJUDICE.

## I. Background

Villavicencio alleges that on June 4, 2026, while driving from Miami, Florida to Dallas, Texas, he was stopped in Louisiana by occupants of an unmarked vehicle who followed him for several miles, forced him to stop, failed to identify themselves as law enforcement officers, never presented a warrant, and detained him despite his not committing any crime. Villavicencio was then transferred to ICE custody, where he remains detained.

## II. Law and Analysis

An immigration detainee may challenge the fact or duration of his custody or the legal authority under which he is detained. See *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Although federal courts possess jurisdiction to consider constitutional challenges to immigration detention, habeas relief is limited to determining whether the petitioner's present custody violates the Constitution or laws of the United States.

Villavicencio does not meaningfully challenge the statutory authority under which ICE presently detains him. Instead, the Petition repeatedly asserts that the initial stop violated the Fourth Amendment and that his continued detention is unlawful because it resulted from that allegedly unconstitutional seizure.

Construing the pro se Petition liberally, these allegations fail to state a cognizable basis for habeas relief. The Petition does not allege that ICE lacks statutory authority to detain Villavicencio under the Immigration and Nationality Act, nor does it identify any defect in the ongoing immigration proceedings or otherwise challenge the legal basis for his present detention. Rather, Villavicencio's claims are directed almost exclusively at the circumstances surrounding the initial stop and arrest.

The United Staes Supreme Court has affirmed that "an illegal arrest has no bearing on a subsequent deportation proceeding" because the "body or identity of [the arrestee] is never itself suppressible as a fruit of an unlawful arrest." *Immigration and Naturalization Service v. Lopez-Mendoza*, 468 U.S. 1032, 1039–40 (1984). It logically follows that if an alien is detained pursuant to a deportation proceeding, a

habeas petition cannot secure the alien's release from custody by challenging the lawfulness of the underlying arrest. Essentially "an illegal arrest has no bearing on the legality of [immigration] detention following that arrest." *See Carnesolta v. Tate*, No. 4:26-CV-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026); *Hechavarria-Vasquez v. Tate*, No. 26-CV-1266, 2026 WL 1427003, at *2 (S.D. Tex. May 21, 2026); *Navdeep v. Warden Ero El Paso Camp E. Montana Det. Ctr.*, No. 26-CV-829, 2026 WL 1179624, at *2 (W.D. Tex. Apr. 23, 2026).

To the extent Villavicencio seeks release because he was deprived of a bond hearing, his claim also fails. Villavicencio does not allege that he is constitutionally entitled to a bond hearing under applicable law, or otherwise challenge the legality of his continued detention apart from his contention that the initial stop was unlawful. Even if the recent ruling of the United States Court of Appeals for the Fifth Circuit, *Sosnava-Rodriguez v. Ortega*, 26-50183, 2026 WL 1906557, at *1 (5th Cir. July 2, 2026) (determining that immigration detainees are entitled to a bond hearing within 90 days of detention) is applicable, Villavicencio has been detained approximately 35 days. Therefore, even considering *Sosnava-Rodriguez*, Villavicencio does not show entitlement to relief.

## III. Conclusion

Because Villavicencio fails to state a viable claim for relief, IT IS RECOMMENDED that the Petition be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, July 9, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE